NO. 4-05-1015        Filed 6/21/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JOHN WILLIE JOLLY, | ) | No. 02CF811 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Donald D. Bernardi, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 2002, defendant, John Willie Jolly, pleaded guilty to delivery of a controlled substance (less than one gram of a substance containing cocaine) (720 ILCS 570/401(d) (West 2002)). The trial court later sentenced him to 10 years in prison and imposed a $100 street-value fine. Defendant later filed motions to withdraw his guilty plea and reconsider his sentence, which the court denied.

Defendant appealed, and this court affirmed. People v. Jolly, 357 Ill. App. 3d 884, 830 N.E.2d 860 (2005). In October 2005, defendant filed a petition for relief, pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2004)). In November 2005, the trial court dismissed that petition, upon finding that the issues defendant raised were frivolous and patently without merit.

Defendant appeals, arguing that the trial court erred by dismissing his postconviction petition because it contained the gist of a constitutional claim that his postplea counsel was ineffective for failing to (1) include in defendant's motion to withdraw his guilty plea the claim that defendant was not admonished as to the mandatory-supervised-release (MSR) term he would be required to serve and (2) preserve the issue that the trial court improperly imposed the $100 street-value fine. We reject defendant's arguments and affirm.

## I. BACKGROUND

In July 2002, the State charged defendant with criminal drug conspiracy (720 ILCS 570/405.1(a) (West 2002)) (count I) and delivery of a controlled substance (720 ILCS 570/401(d) (West 2002)) (count II). At defendant's request, the trial court appointed counsel to represent him.

### A. Defendant's Jury Trial and Guilty Plea

On October 8, 2002, defendant's jury trial on both counts began, with assistant public defender James Tusek representing defendant. The State called several witnesses to testify about defendant's selling crack cocaine, including the confidential informant working for the Bloomington police department (who was a crack addict), as well as defendant's accomplice, who was present at the time of the sale. The informant testified that (1) he gave defendant five $20 bills to purchase crack cocaine

and (2) the sale occurred in defendant's car. Shortly thereafter, the informant left the car and turned the crack cocaine over to the surveilling police officers. Meanwhile, other officers stopped defendant's car and arrested him. In his sock, the officers found five $20 bills that bore the same serial numbers as the $20 bills they had given to the informant. (The police had photocopied the bills before doing so.)

When the trial resumed the following morning, the trial court and counsel agreed on the jury instructions, and Tusek informed the court that he wanted to talk with defendant about whether he would testify. After a brief recess, Tusek informed the court that defendant wanted to plead guilty to count II without any agreement from the State pertaining to his sentence. The State agreed to dismiss count I but noted that multiple convictions would merge into one conviction for sentencing.

The trial court then admonished defendant in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402), explaining that count II, which was normally a Class 2 felony, had a sentencing range of 3 to 14 years in prison because defendant had a prior Class 2 felony conviction. The court also informed defendant that any prison sentence imposed was required by law to be consecutive to another sentence that had previously been imposed upon defendant. The court asked counsel if they would stipulate to the evidence that had been presented as a factual basis in

support of the offer to plead guilty, and both counsel agreed. However, the court never informed defendant that, in addition to any prison sentence imposed, he would need to serve an MSR term of two years. See 730 ILCS 5/5-8-1(d)(2) (West 2002) (providing that the MSR term for a Class 1 or Class 2 felony is two years). The court then accepted defendant's guilty plea and set the matter for sentencing.

### B. Post Guilty-Plea Proceedings

Later in October 2002, defendant pro se filed a motion to vacate his guilty plea, in which he asserted that Tusek was ineffective because, in part, he "was not the vigorous advocate to which the defendant was entitled."

As a result of defendant's pro se motion, the trial court appointed Anthony K. Tomkiewicz as new counsel for defendant. Tomkiewicz represented defendant at his December 2002 sentencing hearing, where the trial court sentenced defendant as earlier stated and imposed a $100 street-value fine.

In January 2003, Tomkiewicz filed a motion to withdraw defendant's guilty plea and vacate judgment, asserting that the only reason defendant entered into an open guilty plea was because of Tusek's ineffective assistance at trial, in that he failed to sufficiently attack the credibility of the State's witnesses. Thus, defendant believed that he had no choice but to plead guilty to count II to avoid a conviction on count I. In

April 2003, Tomkiewicz filed an amended motion to withdraw defendant's guilty plea and vacate judgment, in which he reasserted the previous grounds and added some new assertions regarding Tusek's alleged ineffective assistance. In May 2003, the trial court denied defendant's motions. Defendant asked that appellate counsel be appointed, and the trial court did so.

Defendant appealed, arguing only that the $100 street-value fine must be vacated because the trial court made no specific findings as to its basis. This court rejected defendant's argument, upon concluding that defendant had forfeited his right to raise that issue on appeal because he had not raised it in any of his posttrial motions. Jolly, 357 Ill. App. 3d at 886, 830 N.E.2d at 861-62.

C. Defendant's Postconviction Petition

In October 2005, defendant pro se filed his postconviction petition, in which he alleged that his constitutional rights were violated when the trial court failed to properly admonish him concerning the mandatory MSR term he would need to serve after imprisonment. He also asserted that (1) his insufficient awareness of the consequences of the MSR term made his guilty plea involuntary and (2) if he had known about the MSR term, he would have persisted in finishing his trial and letting "his peers render a verdict." Defendant also alleged that he was denied his right to effective assistance of trial counsel when

Tusek failed to argue that the court (1) lacked a basis for imposing the $100 street-value fine and (2) failed to inform defendant of the MSR term.

As earlier stated, in November 2005, the trial court dismissed defendant's petition under section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 2004)), upon finding that the petition was frivolous and patently without merit.

This appeal followed.

## II. ANALYSIS

### A. Defendant's Contentions on Appeal

On appeal, defendant asserts the following issues are presented for review:

"Whether the trial court erred in dismissing defendant's post[]conviction petition where he stated the gist of a constitutional claim that his post[]plea counsel [Tomkiewicz] was ineffective for (a) failing to include in the motion to withdraw plea the claim that defendant was not admonished of the [MSR] term and (b) failing to preserve the issue that the street-value fine was not properly imposed."

Defendant expands upon this theme by asserting that "[n]ot only did [Tomkiewicz] fail to preserve a viable issue (the street-value fine) for appeal, but he failed to attack defendant's guilty plea on the basis that defendant was not admonished that a term of [MSR] *** would follow his prison sentence."

Defendant also asserts that because he was not so admonished, the record did not show that his guilty plea was entered knowingly.

As discussed further below, the fundamental problem with defendant's position on appeal is that the issues he presents to this court were not asserted in the postconviction petition that the trial court dismissed--the action we are reviewing.

### B. Issues Raised for the First Time on Appeal from Dismissal of a Postconviction Petition

The Supreme Court of Illinois has recently addressed efforts by defendants to raise for the first time on appeal issues that were not raised in postconviction petitions that were rejected by trial courts. In People v. Jones, 213 Ill. 2d 498, 499, 821 N.E.2d 1093, 1094 (2004), the defendant had pleaded guilty to attempted first degree murder in exchange for a 20-year prison sentence. He later pro se filed a petition for postconviction relief. Jones, 213 Ill. 2d at 501, 821 N.E.2d at 1095. The trial court dismissed the petition under section 122-2.1 of

- 7 -

the Act as being frivolous and patently without merit, and the appellate court affirmed. People v. Jones, 341 Ill. App. 3d 103, 107-08, 791 N.E.2d 1118, 1121 (2003).

The supreme court granted the defendant's petition for leave to appeal and noted that the case presented the issue of whether the defendant could raise for the first time on appeal the question of improper admonishments despite the fact that he did not include that issue in his postconviction petition. The supreme court held that the defendant may not do so. Jones, 213 Ill. 2d at 508-09, 821 N.E.2d at 1099. Interestingly, the court did so despite acknowledging the pro se status of the defendant when he filed his postconviction petition:

> "Stated bluntly, the typical pro se litigant
> will draft an inartful pleading which does
> not survive scrutiny under the
> 'frivolity/patently without merit' standard
> of section 122-2.1, and it is only during the
> appellate process, when the discerning eyes
> of an attorney are reviewing the record, that
> the more complex errors that a nonattorney
> cannot glean are discovered. The appellate
> attorney, not wishing to be remiss in his or
> her duty, then adds the newly discovered
> error to the appeal despite the fact that the

claim was never considered by the trial court in the course of its ruling. The thought process behind the attorney's actions is clear--the attorney is zealously guarding the client's rights and is attempting to conserve judicial resources by raising the claim expeditiously at the first available chance. These goals are laudable, but they nonetheless conflict with the nature of appellate review and the strictures of the Act." Jones, 213 Ill. 2d at 504-05, 821 N.E.2d at 1096-97.

To leave no doubt about the supreme court's views on this subject, the court went on to note disapprovingly that "our appellate court has repeatedly overlooked the [forfeiture] language of section 122-3 [of the Act] and has addressed claims raised for the first time on appeal for various and sundry reasons." Jones, 213 Ill. 2d at 506, 821 N.E.2d at 1097. The supreme court also pointed out that some appellate court decisions seem to be premised upon the fact that the supreme court itself has not always followed this rule. Jones, 213 Ill. 2d at 506-07, 821 N.E.2d at 1098. The supreme court then explicitly overruled all such prior appellate court decisions, explaining as follows:

"Our detailed discussion of this issue is intended to stress that our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate [forfeiture] caused by the failure of [the] defendant to include issues in his or her postconviction petition." Jones, 213 Ill. 2d at 508, 821 N.E.2d at 1099.

More recently, in People v. Pendleton, 223 Ill. 2d 458, 474, 861 N.E.2d 999, 1008 (2006), the defendant attempted (in an appeal to the supreme court from the trial court's denial of his postconviction petition) to raise the trial court's deficient admonitions regarding his negotiated guilty plea. The supreme court rejected his effort and wrote that "even a liberal reading of defendant's petitions reveals no reference to an admonishment issue in either the defendant's pro se petition or the amended petition." Pendleton, 223 Ill. 2d at 474, 861 N.E.2d at 1008-09. The supreme court then reaffirmed what it said in Jones about appellate forfeiture, explaining that the court need not resolve the case on the merits of the defendant's argument because he had forfeited the admonishment issue under general principles of procedural default. Pendleton, 223 Ill. 2d at 475, 861 N.E.2d at 1009.

In People v. Little, 335 Ill. App. 3d 1046, 1055, 782 N.E.2d 957, 965 (2003), this court had reached the same conclusion as the supreme court and wrote the following:

"Defendant raises [the claim that the trial court lacked the authority to order that her prison wages be withheld] for the first time in her appeal from the trial court's dismissal of her postconviction petition. In People v. Griffin, 321 Ill. App. 3d 425, 428, 748 N.E.2d 1235, 1238 (2001), this court declined to construe the Act as permitting a defendant to raise on appeal from the dismissal of a postconviction petition an issue she never raised in that petition. We adhere to Griffin and thus deem this issue forfeited. See also People v. Moore, 189 Ill. 2d 521, 544, 727 N.E.2d 348, 360 (2000) (in which the supreme court declined to address the merits of the defendant's claim when he first raised it in his appeal from the dismissal of his amended postconviction petition)."

C. Procedural Forfeiture as Applied to This Appeal

Defendant seeks to argue here that his postplea coun-

- 11 -

sel, Tomkiewicz, was ineffective for failing to (1) include in defendant's motion to withdraw his guilty plea the claim that defendant was not admonished as to the MSR term and (2) preserve the issue that the trial court did not properly impose the street-value fine.  However, as the supreme court noted in Pendleton, "even a liberal reading" of defendant's postconviction petition reveals no reference whatsoever to any claimed ineffectiveness by Tomkiewicz.  Pendleton, 223 Ill. 2d at 474, 861 N.E.2d at 1008.  Instead, that petition alleged that defendant's trial counsel, Tusek, rendered ineffective assistance of counsel. We thus conclude that defendant has forfeited any claims of Tomkiewicz's ineffectiveness.

The supreme court's decision in People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), does not require a different result.  In that case, the supreme court addressed the defendant's argument that the trial court erred by dismissing his postconviction claim that the trial court's failure to admonish him that a 3-year MSR term would be added to his negotiated 25-year prison sentence violated his fundamental rights.  Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661.  Whitfield is distinguishable on two points.  First, the defendant in Whitfield, unlike defendant here, raised the issue in his postconviction petition. Whitfield, 217 Ill. 2d at 180-81, 840 N.E.2d at 661-62.  Second, the defendant in Whitfield pleaded guilty in agreement for a

specific sentence of 25 years in prison.  Whitfield, 217 Ill. 2d at 179, 840 N.E.2d at 661.  That is not the situation in this case because defendant entered an open guilty plea, and the trial court imposed a sentence that, with the MSR term added, does not exceed the maximum sentence of which defendant was admonished before he pleaded guilty.  Thus, the failure to admonish him about the MSR term does not constitute a violation of due process.

Indeed, the supreme court in Whitfield made this clear by reaffirming its decision in People v. McCoy, 74 Ill. 2d 398, 385 N.E.2d 696 (1979), in which the court held that, although the trial court erred by failing to admonish the defendant as to the MSR term,

> "the error was not of constitutional dimension because defendant was not prejudiced--
> the 'indeterminate sentence imposed, together
> with the mandatory parole period, [was] substantially less than the maximum of 20 years
> to which defendant knew he could be
> sentenced.'"  Whitfield, 217 Ill. 2d at 191,
> 840 N.E.2d at 667, quoting McCoy, 74 Ill. 2d
> at 403, 382 N.E.2d at 699.

In any event, the Whitfield decision does not amount to a "Get-Out-Of-Jail-Free card," which a defendant may use whenever

and however he wishes if, when he pleaded guilty, the trial court failed to give him the appropriate MSR admonition.  Both at the trial level and on appeal, defendants who wish to vindicate their rights under those circumstances must do so in accordance both with the statutes they attempt to utilize, such as the Post-Conviction Hearing Act, and the decisions of the Supreme Court of Illinois that govern the implementation of those statutes.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.  55 ILCS 5/4-2002(a) (West 2004); see also People v. Smith, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985), citing People v. Nicholls, 71 Ill. 2d 166, 179, 374 N.E.2d 194, 199 (1978).

Affirmed.

McCULLOUGH and COOK, JJ., concur.