No. 2--05--0688       Filed: 10-9-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1960 |
| ROBERT D. WELCH, | ) ) | Honorable Richard W. Vidal, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Robert Welch, appeals from the trial court's dismissal of his second postconviction petition. We vacate and remand.

On August 26, 1998, defendant was charged with solicitation of murder for hire (720 ILCS 5/8--1.2(a) (West 1998)). On April 9, 1999, defendant entered a negotiated plea of guilty under which he was sentenced to a term of 28 years' imprisonment. During the guilty plea hearing, the trial court failed to admonish defendant that he would be required to serve a three-year period of mandatory supervised release (MSR) pursuant to section 5--8--1(d)(1) of the Unified Code of Corrections (730 ILCS 5/5--8--1(d)(1) (West 1998)).

On April 27, 1999, defendant filed a timely pro se motion to withdraw his guilty plea and a separate motion for reconsideration of his sentence. Neither motion raised any claim regarding the

omitted MSR admonishment. On September 22, 1999, defendant abandoned his motion to withdraw his guilty plea.

On March 23, 2000, defendant filed a "resubmitted" pro se petition to withdraw his guilty plea and vacate his sentence. The resubmitted petition did not raise an improper-admonishment claim. The trial court determined that it did not have jurisdiction to consider the resubmitted petition. On direct review, this court granted the Office of the State Appellate Defender (OSAD) leave to withdraw as appellate counsel under Anders v. California, 368 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and affirmed the trial court. See People v. Welch, No. 2--00--0363 (2001) (unpublished order under Supreme Court Rule 23).

On May 3, 2001, defendant filed a pro se petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)), which he later supplemented. The petition was later amended by appointed counsel. Neither the original nor the amended petition raised the issue of the omitted MSR admonishment. On October 18, 2002, following an evidentiary hearing, the trial court denied the amended petition. On review, this court, agreeing that no meritorious issues were presented, allowed OSAD to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and affirmed the trial court. See People v. Welch, No. 2--02--1230 (2003) (unpublished order under Supreme Court Rule 23).

On February 19, 2004, defendant filed a petition pursuant to section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2002)), in which he complained for the first time that he had not been properly admonished about the three-year MSR term at his guilty plea hearing. Defendant alleged that he had "just recently learned from his place of confinement" that he would be

required to serve a 3-year term of MSR following the completion of his 28-year prison sentence. He requested that his prison sentence be reduced in order to incorporate the MSR term into his 28-year sentence.

On May 12, 2004, the trial court again appointed counsel to represent defendant. Attorney Clark appeared on July 7 and August 4, 2004, and expressed concern about having to argue his own unreasonableness for not having raised the MSR issue in the original postconviction proceeding. Nonetheless, the question was not broached again and Clark continued to represent defendant.

On December 22, 2004, the trial court allowed defendant leave to amend and transform his 2--1401 petition to a successive postconviction petition. On January 7, 2005, Clark filed a successive postconviction petition for defendant. On May 5, 2005, Clark filed an amended petition. The amended petition contended, in relevant part, that defendant's guilty plea should be set aside because defendant was not admonished at the guilty plea hearing that he would have to serve a three-year term of MSR following his release from the Department of Corrections. There was no allegation that defendant's attorneys may have been ineffective or unreasonable for failing to previously raise the MSR issue.

The State filed a motion to dismiss the successive postconviction petition, which the trial court granted after a hearing. The trial court concluded that defendant had waived the issue by failing to raise it on direct appeal or in his first postconviction petition. Additionally, the trial court concluded that defendant was not sentenced to a term greater than he bargained for because, due to his eligibility for day-for-day credit, he would serve only approximately 14 years of his 28-year sentence. Therefore, the trial court reasoned, the 3-year MSR term following 14 years in the Department of Corrections did not extend defendant's sentence beyond the agreed-upon 28-year

sentence. Finally, the trial court concluded that defendant failed to establish that he would not have pleaded guilty had he known of the MSR term. This appeal followed.

Defendant contends that the trial court erred in dismissing his successive postconviction petition. The Act "provides an avenue by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights." People v. Whitfield, 217 Ill. 2d 177, 183 (2005). A defendant is entitled to relief under the Act only if he can prove that he suffered a substantial deprivation of his constitutional rights in the proceedings that produced his conviction or sentence. Whitfield, 217 Ill. 2d at 183. This appeal arises from the second-stage dismissal of defendant's postconviction petition; such a dismissal is subject to de novo review. Whitfield, 217 Ill. 2d at 182.

In the present case, it is undisputed that the trial court failed to admonish defendant in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402). Pursuant to Rule 402, every defendant who enters a plea of guilty has a due process right to be properly and fully admonished. Whitfield, 217 Ill. 2d at 188. Compliance with Rule 402(a)(2) requires that a defendant be admonished that the period of MSR pertaining to an offense is part of the sentence that will be imposed. Whitfield, 217 Ill. 2d at 188. There is no substantial compliance with Rule 402, and due process is violated, when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting the plea, that an MSR term will be added to that sentence. Whitfield, 217 Ill. 2d at 195.

It is undisputed that the trial court herein did not admonish defendant, pursuant to Rule 402(a)(2), that a term of MSR would be added to the agreed-upon sentence of 28 years. In light of the clear holding of Whitfield, defendant has established a substantial violation of his due process

rights. The State argues that, regardless of due process considerations, dismissal of defendant's successive postconviction petition should be affirmed based on principles of waiver.[1] In general, issues that could have been raised on direct appeal, but were not, are not amenable to postconviction review. See Whitfield, 217 Ill. 2d at 187; People v. Collins, 153 Ill. 2d 130, 135 (1992). The State asserts, without any reference to the facts of Whitfield, that People v. Newman, 365 Ill. App. 3d 285 (2006), is more "procedurally similar" to this case than is Whitfield and should lead this court to find that defendant has procedurally defaulted. The State appears to base this assertion on the fact that, while the defendant in Newman and defendant herein both filed motions to withdraw their guilty pleas and direct appeals that failed to raise the MSR issue, the defendant in Whitfield filed neither.

We do not find that the issue of the defendant's prior filings is central to the supreme court's analysis in Whitfield. In concluding that there was no procedural default, the Whitfield court emphasized two facts: (1) the trial court did not admonish the defendant about MSR; and (2) the defendant did not learn about the imposition of MSR until he was in prison, sometime after the time to directly appeal had expired. See Whitfield, 217 Ill. 2d at 188. Because of these facts, the defendant "could not have raised the error in a motion to withdraw his plea or a direct appeal." Whitfield, 217 Ill. 2d at 188. These same facts are present in the case before us and lead us to conclude that Whitfield, more so than Newman, is applicable to this case. It is undisputed that defendant was not admonished about MSR and that he learned about it later, while in prison. There is no evidence that he could have raised the issue in a prior filing, because there is no indication that

_____

[1]Our supreme court has recently concluded that the phrase "procedural default" is the more precise terminology where, as here, the claim is made that a party failed to adequately preserve an issue for later appellate review. See Whitfield, 217 Ill. 2d at 187.

he had knowledge of the issue. Defendant had no such knowledge because the trial court failed to apprise him, as required, of the MSR term that gives rise to his claim. Accordingly, we find no procedural default.

The remedy to be granted, then, remains as the only question. In Whitfield, the supreme court modified the defendant's 25-year prison sentence, which was to be followed by 3 years of MSR, to a 22-year prison sentence followed by 3 years of MSR, thereby giving the defendant the benefit of his bargain for a 25-year sentence. See Whitfield, 217 Ill. 2d at 205. We find such a remedy appropriate here as well. Therefore, we vacate the sentence imposed by the circuit court and remand with directions that it impose a sentence of 25 years' imprisonment to be followed by a term of 3 years' mandatory supervised release.

Vacated and remanded with directions.

CALLUM, J., concurs.

JUSTICE GILLERAN JOHNSON, dissenting:

Contrary to what the majority believes, Whitfield is not controlling in this case. Whitfield is distinguishable both substantively and procedurally. Substantively, the facts are different. Procedurally, Whitfield involves a first postconviction petition while the present case involves a successive postconviction petition. Accordingly, the dismissal of the defendant's petition should be affirmed.

Substantively, in Whitfield, the court determined that the defendant's improper-admonishment claim was not waived for two reasons. First, there was no waiver because the defendant could not have been expected to object at trial to his lack of admonishment. Specifically, the Whitfield court stated:

"[I]t would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object [at trial] to the circuit court's failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process." Whitfield, 217 Ill. 2d at 188.

Second, the court determined there was no waiver because the defendant's claim could not have been presented any earlier, i.e., in a motion to withdraw his plea or in a direct appeal. Specifically, the Whitfield court stated:

"Moreover, defendant alleges that it was not until he was in prison that he learned that his sentence had been increased by a three-year period of MSR. Therefore, he could not have raised the error in a motion to withdraw his plea or a direct appeal." Whitfield, 217 Ill. 2d at 188.

Applying Whitfield in the present case, the defendant's argument cannot be considered waived for his failure to object at trial to his improper admonishment. See Whitfield, 217 Ill. 2d at 188. However, the defendant's argument is waived here because, in contrast to Whitfield, there is no indication in the present case that the defendant could not have presented the improper-admonishment claim in either his direct appeal or his first postconviction petition. The defendant's amended successive postconviction petition states only that the defendant was never properly admonished and that this violated his constitutional right to due process. The defendant's affidavit indicates only that he would not have accepted the guilty plea agreement offered to him had he known of the obligation to serve a three-year term of MSR. There is no indication in either the successive postconviction petition or the defendant's affidavit that he did not learn of the required three-year term of MSR until after he had filed his direct appeal and his first postconviction petition. The defendant's improper-

admonishment claim is waived because he has failed to show that he could not have raised his claim earlier. Whitfield is, therefore, distinguishable. See Newman, 365 Ill. App. 3d at 290 (distinguishing Whitfield on the basis that the Newman defendant made no allegation as to when he learned about his improper admonishment). For this reason, the dismissal of the defendant's successive postconviction petition should be affirmed.

The majority essentially interprets Whitfield to mean that a defendant can never know about an improper admonishment if he was never admonished and, therefore, there can never be a procedural default of this issue. However, this is not what the Whitfield court held and it is not the reality of the matter. Even if a defendant is not admonished by the trial court, generally the three-year term of MSR will be reflected on the mittimus or a defendant will be advised by the Illinois Department of Corrections of his release date. The majority fails to recognize that the Whitfield court conducted a waiver analysis and specifically considered whether or not the defendant in that case could have raised his claim earlier. The Whitfield court apparently determined that because the defendant did not learn about his three-year term of MSR until he was in prison, he could not have raised his claim in a motion to withdraw his guilty plea or on direct appeal because one or the other must be filed in relatively short order, i.e., within 30 days of sentencing. Despite the majority's interpretation, the "clear holding of Whitfield" (slip op. at 4) is not that an improper-admonishment claim can never be waived. See Newman, 365 Ill. App. 3d at 290 (Whitfield did not hold that all improper-MSR-admonishment claims were immune from forfeiture).

Moreover, it is inappropriate to so broadly interpret the Whitfield decision. Years of MSR and years in prison are not comparable. People v. Jarrett, 372 Ill. App. 3d 344, 351 (2007). MSR is not a static period of supervision, and the Prisoner Review Board has the discretion to release a

prisoner from MSR before his term has expired (730 ILCS 5/3--3--8(a), (b) (West 2004)). Jarrett, 372 Ill. App. 3d at 351. Many courts have expressed concern over the Whitfield decision. See People v. Jolly, No. 4--05--1015, slip op. at 12 (June 21, 2007) (stating that the Whitfield decision does not amount to a " 'Get-Out-Of-Jail-Free card' "); People v. Borst, 372 Ill. App. 3d 331, 334 (2007) (indicating concern over Whitfield); Jarrett, 372 Ill. App. 3d at 351 (expressing "serious concerns" about both the analysis and the remedy in Whitfield).

Whitfield is also procedurally distinguishable from the present case. In Whitfield the defendant did not file a direct appeal and raised his omitted-MSR-admonishment claim for the first time in an original postconviction petition. Whitfield, 217 Ill. 2d at 180. In the present case, the defendant filed a direct appeal and an original postconviction petition. However, the defendant did not raise the present claim until he filed this successive postconviction petition. Successive postconviction petitions elicit unique policy considerations that are not implicated by the filing of an original postconviction petition. People v. McDonald, 364 Ill. App. 3d 390, 393 (2006). The majority fails to consider the procedural differences between Whitfield and the present case. See People v. Adams, 373 Ill. App. 3d 991, 995 (2007) (because the case involved a successive postconviction petition, the defendant's reliance on Whitfield was misplaced).

The purpose of a proceeding brought under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 et seq. (West 2004)) is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously. People v. Evans, 186 Ill. 2d 83, 89 (1999). "In an initial post[]conviction proceeding, the common law doctrines of res judicata and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal." People v. Pitsonbarger, 205 Ill. 2d 444, 458 (2002). In this

context, the doctrine of waiver is a rule of administrative convenience, not a jurisdictional or absolute bar to procedurally defaulted claims. Pitsonbarger, 205 Ill. 2d at 458.

In the context of a successive postconviction petition, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute. 725 ILCS 5/122--3 (West 2004) (any claims not raised in an original postconviction petition are waived); People v. Smith, 341 Ill. App. 3d 530, 539 (2003) (because there is less interest in providing a forum for the vindication of defendant's constitutional rights in a successive proceeding, "waiver, which would be a procedural affirmative defense for purposes of the first petition, becomes a substantive consideration going to the merits of a successive postconviction petition"). The Act contemplates the filing of only one postconviction petition. People v. Morgan, 212 Ill. 2d 148, 153 (2004). "Only when fundamental fairness so requires will the strict application of this statutory bar be relaxed." Pitsonbarger, 205 Ill. 2d at 458.

Under the circumstances in this case, the cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made to section 122--3 of the Act so that a claim raised for the first time in a successive postconviction petition may be considered on its merits. See Pitsonbarger, 205 Ill. 2d at 459 (different standard may be applied in a case involving a claim of actual innocence or the death penalty). It is the defendant's burden to demonstrate both cause and prejudice for each claim raised in his successive petition. McDonald, 364 Ill. App. 3d at 393. "For purposes of this test, 'cause' has been defined as an objective factor external to the defense that impeded counsel's efforts to raise the claim in an earlier proceeding." People v. Morgan, 212 Ill. 2d 148, 153 (2004). " 'Prejudice' exists where the defendant can show that the claimed constitutional error so infected his trial that the resulting conviction violated due process."

Morgan, 212 Ill. 2d at 154. The cause-and-prejudice test is composed of two elements, both of which must be established for the defendant to prevail. Pitsonbarger, 205 Ill. 2d at 464.

By enacting section 122--1(f) of the Act (725 ILCS 5/122--1(f) (West 2004)), our legislature adopted the cause-and-prejudice test as defined in Pitsonbarger as a procedural hurdle that a defendant must overcome before filing a successive postconviction petition. See 725 ILCS 5/122--1(f) (West 2004). Section 122--1(f) requires a defendant to obtain leave of court as a condition precedent to filing a successive postconviction petition. People v. LaPointe, 365 Ill. App. 3d 914, 921 (2006). Until the court grants such leave, a successive petition is not properly on file and may not be considered on its merits. LaPointe, 365 Ill. App. 3d at 921. The legislature intended to require a defendant seeking to file a successive petition to satisfy the cause-and-prejudice test before he could obtain a ruling on the merits of the petition itself. People v. Brockman, 363 Ill. App. 3d 679, 688 (2006). If a defendant fails to obtain leave of court prior to filing his successive petition, the court, whether sua sponte or on the State's motion, should dismiss any such petition. People v. DeBerry, 372 Ill. App. 3d 1056, 1060 (2007).

In the present case, the defendant did obtain leave to withdraw his section 2--1401 petition and file a successive postconviction petition. However, the defendant never obtained leave pursuant to section 122--1(f) of the Act. The defendant never set forth any argument as to why he passed the cause-and-prejudice test. At oral argument, for the first time, defense counsel argued that unreasonable assistance of postconviction counsel, in failing to raise the improper-admonishment issue in the defendant's first postconviction petition, was "cause." However, the supreme court has held that "cause" "must flow from something other than the purported ineptitude or inadequacy of the prior postconviction attorney." People v. Szabo, 186 Ill. 2d 19, 42 (1998). Moreover, we cannot

consider arguments raised for the first time on appeal. See <u>People v. Jones</u>, 213 Ill. 2d 498, 508-09 (2004). The defendant has essentially treated section 122--1(f) as if it did not exist. For this reason as well, the dismissal of the defendant's postconviction petition should be affirmed. See <u>DeBerry</u>, 372 Ill. App. 3d at 1060 (courts should not consider anything in a postconviction petition that violates section 122--1(f) of the Act); <u>LaPointe</u>, 365 Ill. App. 3d at 921 ("[U]ntil the trial court grants such leave [to a defendant under section 122--1(f) of the Act], a second or subsequent petition is not properly on file and may not be considered on its merits. To hold otherwise would be to treat section 122--1(f) as though it did not exist"); see also <u>Jolly</u>, slip op. at 12 (the <u>Whitfield</u> decision does not a amount to a " 'Get-Out-Of-Jail-Free card,' " which a defendant may use whenever and however he wishes; defendants who wish to vindicate their rights to proper MSR admonishments must do so in accordance with the requirements of the Act).