NO. 4-06-0820      Filed 3/3/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|       Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | Adams County |
| TERRY L. LEWIS, | ) | No. 05CF53 |
|       Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William O. Mays, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

Following a June 2006 stipulated bench trial, the trial court convicted defendant, Terry L. Lewis, of possession of a controlled substance (less than 15 grams of a substance containing methamphetamine) (720 ILCS 570/402(c) (West 2004)). In September 2006, the court sentenced defendant to 24 months' "nonjudgment probation," subject to various conditions, including that he pay a $100 street-value fine.

Defendant appeals, arguing only that the trial court committed plain error by imposing a street-value fine without considering any evidence regarding the value of the drugs in question. We disagree and affirm.

I. BACKGROUND

In February 2005, the State charged defendant with possession of a controlled substance (less than five grams of a substance containing methamphetamine) with intent to deliver (720 ILCS 570/401(d) (West 2004)) and possession of a controlled substance (less than 15 grams of a substance containing metham-

phetamine) (720 ILCS 570/402(c) (West 2004)). In July 2005, defendant filed a motion to suppress evidence, alleging various violations of his constitutional rights. Following an October 2005 hearing, the trial court later denied defendant's motion.

Following a June 2006 stipulated bench trial, the trial court found defendant guilty of possession of a controlled substance.

In September 2006, the trial court sentenced defendant to 24 months' "nonjudgment probation," subject to various conditions, including that he pay a street-value fine of $100.

This appeal followed.

## II. DEFENDANT'S CLAIM THAT IMPOSITION OF THE STREET-VALUE FINE WAS PLAIN ERROR BECAUSE THE TRIAL COURT HAD NO EVIDENCE AS TO THE VALUE OF THE DRUGS IN QUESTION

Defendant argues that the trial court erred by imposing a street-value fine of $100 because the State "failed to provide any information, much less testimony from law[-]enforcement officers, that the value of the drugs in question was $100." Defendant points out that section 5-9-1.1(a) of the Unified Code of Corrections provides that for purposes of determining a fine, "street value" shall be determined by the court "on the basis of testimony of law[-]enforcement personnel and the defendant as to the amount [of controlled substances] seized." 730 ILCS 5/5-9-1.1(a) (West 2004).

Defendant concedes that he failed to object to the fine at sentencing, but he nonetheless argues that this court should consider his claim under the plain-error exception to the forfei-

ture rule. Defendant asserts that Illinois courts have universally concluded that the failure to support a street-value fine with any evidentiary basis constitutes plain error. In support of this assertion, he cites the following cases: People v. Spencer, 347 Ill. App. 3d 483, 488, 807 N.E.2d 1228, 1232 (2004), citing People v. Gonzalez, 316 Ill. App. 3d 354, 364, 736 N.E.2d 157, 165 (2000); People v. Simpson, 272 Ill. App. 3d 63, 66, 650 N.E.2d 265, 267 (1995); People v. Otero, 263 Ill. App. 3d 282, 284, 635 N.E.2d 1073, 1075 (1994). Although we agree with defendant that the record does not contain a basis for the $100 street-value fine, we disagree with his assertion that this sentencing error constitutes plain error.

In People v. Montgomery, 373 Ill. App. 3d 1104, 872 N.E.2d 403 (2007), this court recently addressed similar arguments regarding sentencing errors. Because we reaffirm what we wrote in Montgomery, and because it fully applies to the case before us, we quote it as follows:

"In People v. Rathbone, 345 Ill. App. 3d 305, 308-10, 802 N.E.2d 333, 336-37 (2003), this court deemed a defendant's sentencing argument on appeal forfeited, pointing out that section 5-8-1(c) of the Unified Code required a defendant's challenge to any aspect of sentencing to be made by a written motion filed within 30 days of the imposition of sentence. 730 ILCS 5/5-8-1(c) (West

- 3 -

2004).  We also noted that the Supreme Court of Illinois, in People v. Reed, 177 Ill. 2d 389, 394, 686 N.E.2d 584, 586 (1997), held that the language of section 5-8-1(c) is mandatory.  Citing section 5-8-1(c) and Reed, this court concluded in Rathbone that the defendant had forfeited the sentencing argument he raised on appeal, and we explained as follows:

>        'In so concluding, we note
>    that defendant's claim is precisely
>    the type of claim the forfeiture
>    rule is intended to bar from review
>    when not first considered by the
>    trial court.  Had defendant raised
>    this issue in the trial court, that
>    court could have answered the claim
>    by either (1) acknowledging its
>    mistake and correcting the
>    sentence, or (2) explaining that
>    the court did not improperly sen-
>    tence defendant ***.  If the court
>    did not change the sentence, then a
>    record would have been made on the
>    matter now before us, avoiding the
>    need for this court to speculate as

to the basis for the trial court's sentence.' Rathbone, 345 Ill. App. 3d at 310, 802 N.E.2d at 337.

The rationale and holding of Rathbone are equally applicable in this case. Defendant's failure to raise this issue in the trial court was in violation of section 5-8-1(c) of the Unified Code and denied that court the opportunity to correct or clarify its ruling. Accordingly, defendant has forfeited his truth-in-sentencing argument.

On a final note, we rejected the defendant's request in Rathbone to apply the plain-error doctrine, and we do likewise here. In People v. Allen, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006), the supreme court explained as follows: '[t]he plain-error doctrine is not "'a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court.'" [Citations.] Instead, it is a narrow and limited exception to the general rule of forfeiture.' Further, as we noted in Rathbone,

'our supreme court has

"consistently emphasized the limited nature of the plain[-]error exception." People v. Easley, 148 Ill. 2d 281, 337, 592 N.E.2d 1036, 1061 (1992). Plain error exists only when the essential fairness of a trial has been undermined, and this "occurs only in situations which 'reveal breakdowns in the adversary system,' as distinguished from 'typical trial mistakes.'" People v. Keene, 169 Ill. 2d 1, 17, 660 N.E.2d 901, 909-10 (1995) [citation].' Rathbone, 345 Ill. App. 3d at 311, 802 N.E.2d at 338-39." Montgomery, 373 Ill. App. 3d at 1123-24, 872 N.E.2d at 419-20.

We acknowledge that the cases defendant cites stand for the propositions he asserts (including this court's decision in Simpson), but we decline to follow those cases because they do not comport with section 5-8-1(c) of the Unified Code or with Reed, in which our supreme court applied that section. Prior to August 1993, a defendant's failure to object to an alleged error in sentencing did not result in forfeiture for appeal purposes because the statute was framed in permissive, rather than mandatory, terms. However, effective August 11, 1993, the legislature

amended section 5-8-1(c) to require a defendant's challenge to the correctness of a sentence "or to any aspect of the sentencing hearing" to be made by a written motion filed within 30 days following the imposition of sentence (Pub. Act 88-311, §15, eff. August 11, 1993 (1993 Ill. Laws 2604, 2615) (amending 730 ILCS 5/5-8-1(c) (West 1994))).

Subsequent to this statutory revision, the supreme court in Reed held that the language of section 5-8-1(c) is mandatory, explaining that "the policy considerations supporting the requirement of a written post[]trial motion to preserve trial error are equally applicable in the context of sentencing." Reed, 177 Ill. 2d at 394, 686 N.E.2d at 586. The supreme court also added the following justification for the new legislative mandate:

> "Requiring a written post[]sentencing motion
> will allow the trial court the opportunity to
> review a defendant's contention of sentencing
> error and save the delay and expense inherent
> in appeal if they are meritorious. Such a
> motion also focuses the attention of the
> trial court upon a defendant's alleged errors
> and gives the appellate court the benefit of
> the trial court's reasoned judgment on those
> issues. We therefore agree with the appel-
> late court that the plain language now con-
> tained in section 5-8-1(c) shows a clear

legislative intent to make a post[]sentencing motion the functional equivalent of a post[]trial motion for purposes of preserving issues for appeal." <u>Reed</u> 177 Ill. 2d at 394, 686 N.E.2d at 586.

In <u>Rathbone</u>, we rejected the defendant's argument that the trial court abused its discretion by sentencing him for violating the terms of his probation rather than for residential burglary. As in this case, the defendant in <u>Rathbone</u> argued that we should review his claim as plain error even though he forfeited the issue by failing to raise it in his postsentencing motion. We rejected that argument because it was not consistent with the rule of law set forth in <u>Reed</u> or its underlying principles. <u>Rathbone</u>, 345 Ill. App. 3d at 311, 802 N.E.2d at 338. We further explained our conclusion in <u>Rathbone</u> as follows:

> "If <u>all</u> matters related to a 'misapplication of law' at sentencing affect a defendant's fundamental right to liberty and are thus reviewable as plain error, then the plain[-]error exception essentially swallows the forfeiture rule, rendering meaningless the requirement contained in section 5-8-1(c) of the Unified Code and enforced by the supreme court in <u>Reed</u>." (Emphasis in original.) <u>Rathbone</u>, 345 Ill. App. 3d at 311, 802 N.E.2d at 338.

- 8 -

In rejecting defendant's argument here, we note that it is considerably weaker than were the arguments before this court in Rathbone and Montgomery. In those cases, the defendants contended that the trial court errors at sentencing perhaps resulted in an increase in their prison sentences. In contrast, defendant here complains about the imposition of a $100 fine. If the plain-error rule applied to a sentencing sanction as minimal as a $100 fine, then surely nothing would be left of the requirement the legislature imposed by its amendment in August 1993 to section 5-8-1(c) or the decision of the Supreme Court of Illinois in Reed to give meaning to that amendment.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As a part of our judgment, we award the State its $50 statutory assessment as costs of this appeal.

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.