Filed 4/30/08          NO. 4-07-0073

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| IVRAN GALMORE, | ) | No. 04CF1516 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Arnold F. Blockman, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In December 2006, a jury found defendant, Ivran Galmore, guilty of the offense of unlawful possession with intent to deliver a controlled substance. In January 2007, the trial court sentenced defendant to 19 years in prison and imposed a mandatory street-value fine of $10,000.

On appeal, defendant argues the trial court erred in ordering him to pay a $10,000 street-value fine. We vacate and remand with directions.

I. BACKGROUND

In September 2004, a grand jury indicted defendant on one count of unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2004)), alleging he knowingly and unlawfully possessed with the intent to deliver 15 grams or more but less than 100 grams of a substance containing cocaine. Defendant pleaded not guilty.

In December 2006, defendant's jury trial commenced.

University of Illinois police sergeant Aaron Fredrick testified he was on patrol on August 15, 2004, at approximately 1:40 a.m. when he observed the driver of a silver Pontiac disobey a stop sign. Fredrick stopped the vehicle and spoke with defendant, who stated he did not have his wallet or driver's license on him. When defendant reached to obtain a rental agreement, Fredrick moved closer to the window and smelled the odor of unburnt cannabis. Sergeant Fredrick returned to his car to check the status of defendant's driver's license and called for a canine unit. The canine officer arrived and walked his dog Roxy around the car. He later advised Fredrick that Roxy alerted on the car.

Sergeant Fredrick testified he returned to the vehicle and asked defendant and the passenger to exit. Defendant did not comply, rolled up his window, and "took off at a high rate of speed." Fredrick returned to his vehicle and caught up to defendant's stopped vehicle. Defendant opened the door and "took off running." Fredrick observed defendant carrying a "black case" that "looked like a wallet." Defendant jumped a fence but dropped the case. As defendant stopped to look for the case, Fredrick caught up to him. Thinking defendant dropped his wallet and not wanting to get into a physical confrontation, Fredrick attempted to stall and make conversation with him. Defendant found the case and took off running before getting stuck between a fence and a ramp. Fredrick gave defendant a burst of pepper spray. Defendant then disappeared into a courtyard.

As Fredrick continued into the courtyard, defendant ran

at him and struck him.  Fredrick pepper sprayed defendant again and saw "something fly up into the air."  Defendant took off and disappeared.  Fredrick found him hiding underneath the front porch of a residence.  After Fredrick threatened to release the dog, defendant crawled out from under the porch and was taken into custody.

Fredrick did not find any contraband on defendant's person and did not see the case under the porch.  Officers retraced the path of the foot pursuit and found a black compact disc (CD) case containing suspected crack cocaine.  Fredrick recovered 50 individual rocks of crack cocaine.  He testified crack cocaine is typically consumed in $20 rocks.  Based on his training and experience, the rocks were packaged for sale.

University of Illinois police officer Douglas Beckman testified his dog Roxy alerted to the black CD case.  Beckman opened up the case and found a package with a large amount of crack cocaine.  He stated the crack cocaine appeared to be packaged for sale and from his experience the Baggies sell for $20 to $30 a piece.

Hope Erwin-Sipes, a forensic scientist with the Illinois State Police, testified she conducted tests on a chunky substance in two of the State's exhibits.  Exhibit No. 1 contained 22 plastic bags containing a chunky substance weighing 54.7 grams.  Her test of 13.9 grams of the substance indicated the presence of cocaine base.  Exhibit No. 2 contained 28 bags of a chunky substance weighing 29.1 grams.  Her test of 10.6 grams

of the substance also indicated the presence of cocaine base.

Defendant testified on his own behalf.  He stated he fled because he had a previous conviction for driving while intoxicated and did not want to go to jail.  He testified none of the packages of cocaine belonged to him.

Following closing arguments, the jury found defendant guilty.  Thereafter, defendant filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict, which the trial court denied.

In January 2007, the trial court sentenced defendant to 19 years in prison.  The court also imposed a $3,000 mandatory assessment and a crime-lab fee of $100.  When the court asked the prosecutor the value of the mandatory street-value fine, the following exchange occurred:

"MS. CARLSON:  Judge, we would recommend $10,000.

THE COURT:  Okay.  Now is that discretion-ary with the court?

MS. CARLSON:  Judge, it is for the court to take the sum and multiply it by $10 per [one-tenth] of [a] gram.  That was fast and probably inaccurate math on my part that frank-ly benefitted the defendant at 83 grams--83.8 grams times $10 per [one-tenth] of a gram.

THE COURT:  All right.  Ten[-]thousand[-]dollar mandatory street[-]value fine."

- 4 -

This appeal followed.

## II. ANALYSIS

Defendant argues the trial court erred in ordering him to pay a $10,000 street-value fine, claiming no evidence supported that amount. We agree.

Initially, the State argues defendant has forfeited his argument on appeal because he failed to object at the sentencing hearing and did not raise the issue in a postsentencing motion. By failing to object at the sentencing hearing or preserve his claim in his postsentencing motion, defendant has forfeited this argument on appeal. See People v. Beard, 356 Ill. App. 3d 236, 241, 825 N.E.2d 353, 359 (2005); see also People v. Hestand, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005) (a defendant must object at trial and raise the issue in a posttrial motion to preserve the issue for review on appeal).

Defendant, however, asks this court to consider this issue pursuant to the plain-error rule.

"'"[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" [Citation.] "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of

judicial proceedings."'" People v. Crespo, 203 Ill. 2d 335, 348, 788 N.E.2d 1117, 1124 (2001), quoting United States v. Cotton, 535 U.S. 625, 631, 152 L. Ed. 2d 860, 868, 122 S. Ct. 1781, 1785 (2002), quoting Johnson v. United States, 520 U.S. 461, 467, 137 L. Ed. 2d 718, 727, 117 S. Ct. 1544, 1549 (1997). See also People v. Keene, 169 Ill. 2d 1, 17, 660 N.E.2d 901, 909-10 (1995) ("Plain error marked by 'fundamental [un]fairness' occurs only in situations which 'reveal breakdowns in the adversary system,' as distinguished from 'typical trial mistakes.' [Citation.]").

Here, the street-value fine showed a gross disparity with the officers' testimony as to the amount and street-value of the recovered contraband. Further, the trial court accepted the State's formula that bore no relation to the sworn testimony. As this situation reveals "a breakdown in the adversary system," we will review the issue. We note other courts have applied the plain-error rule in cases involving the propriety of the trial court's imposition of a street-value fine. See People v. Gonzalez, 316 Ill. App. 3d 354, 364, 736 N.E.2d 157, 165 (2000) (plain-error exception applies to the issue of the correct amount of street-value fine); People v. Otero, 263 Ill. App. 3d 282, 284, 635 N.E.2d 1073, 1075 (1994).

We also note this court recently held the imposition of a street-value fine without evidence did not constitute plain

- 6 -

error.  See People v. Lewis, 379 Ill. App. 3d 336, 338, 883

N.E.2d 759, 760 (2008).  However, that case involved a stipulated

bench trial and the imposition of a $100 fine.  The street-value

evidence in the jury trial in this case came nowhere near the

amount of the fine.  Further, the amount advocated by the prose-

cutor found no support in the evidence.  The amount of the fine

here cannot simply be brushed aside as a typical trial mistake,

and we find Lewis distinguishable such that consideration of the

street-value fine imposed is appropriate under the plain-error

doctrine.

Section 5-9-1.1(a) of the Unified Code of Corrections

provides, in part, as follows:

"When a person has been adjudged guilty

of a drug[-]related offense involving posses-

sion or delivery of cannabis or possession or

delivery of a controlled substance, *** a

fine shall be levied by the court at not less

than the full street value of the cannabis or

controlled substances seized.

'Street value' shall be determined by

the court on the basis of testimony of law[-]

enforcement personnel and the defendant as to

the amount seized and such testimony as may

be required by the court as to the current

street value of the cannabis or controlled

substance seized."  730 ILCS 5/5-9-1.1(a)

- 7 -

(West 2006).

The trial court's determination of the amount of the street-value fine must be based on "some concrete evidentiary basis." People v. Spencer, 347 Ill. App. 3d 483, 488, 807 N.E.2d 1228, 1232 (2004).

In the case sub judice, the only testimony from law-enforcement personnel indicated the 50 rocks of crack cocaine would have sold on the street for $20 to $30 each. Thus, the State's evidence would only have supported a street-value fine between $1,000 and $1,500. At the sentencing hearing, the prosecutor claimed the fine was determined by multiplying $10 per tenth of a gram. The State offered no support for this method of determining the amount of the street-value fine. Moreover, with 83.8 grams recovered in this case, the fine would only amount to $8,380.

Here, the $10,000 street-value fine was not supported by the evidence. "[E]ven if the court may impose a fine greater than the actual value of the illegal substance, the legislature nevertheless intended for the sentencing court to have some concrete evidentiary basis for the fine." Otero, 263 Ill. App. 3d at 287, 635 N.E.2d at 1076. Although a court may adopt "reliable evidence from the trial testimony as a basis for determining value" (Otero, 263 Ill. App. 3d at 287, 635 N.E.2d at 1076), it is unclear how the trial court determined the street-value fine in this case other than accepting the State's $10,000 figure. Accordingly, we must vacate the $10,000 street-value

- 8 -

fine and remand the cause for a hearing to determine the appropriate amount to impose.

### III. CONCLUSION

For the reasons stated, we vacate the trial court's street-value fine and remand with directions.

Vacated and remanded with directions.

KNECHT, J., concurs.

MYERSCOUGH, J., dissents.

JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent.  Defendant has forfeited his objection to the street-value fine, and imposition of the street-value fine does not constitute plain error.  This court, including a member of the majority and this dissenter, has previously so held.  <u>Lewis</u>, 379 Ill. App. 3d 336, 883 N.E.2d 760.

At sentencing, defendant did not object to the street-value fine recommended by the assistant State's Attorney.  Nor did defendant raise any objection in a posttrial motion as directed by section 5-8-1(c) of the Unified Code of Corrections:

> "A defendant's challenge to the correctness
>
> of a sentence or to any aspect of the sen-
>
> tencing hearing shall be made by a written
>
> motion filed within 30 days following the
>
> imposition of sentence."  730 ILCS 5/5-8-1(c)
>
> (West 2006).

See <u>People v. Montgomery</u>, 373 Ill. App. 3d 1104, 872 N.E.2d 403 (2007); <u>People v. Reed</u>, 177 Ill. 2d 389, 686 N.E.2d 584 (1997); <u>People v. Jolly</u>, 374 Ill. App. 3d 499, 872 N.E.2d 397 (2007); <u>People v. Brown</u>, 242 Ill. App. 3d 465, 610 N.E.2d 776 (1993); <u>People v. Sinnott</u>, 226 Ill. App. 3d 923, 590 N.E.2d 502 (1992).

A full-blown evidentiary hearing about street value is not required in every case.  <u>People v. Otero</u>, 263 Ill. App. 3d 282, 287, 635 N.E.2d 1073, 1076 (1994).  The parties may in fact stipulate to the street value.  <u>Otero</u>, 263 Ill. App. 3d at 287, 635 N.E.2d at 1076.  In effect, that is what happened here.  The

- 10 -

assistant State's Attorney set forth a per-gram value and a formula for calculation, $10 per one-tenth of a gram times 83.8 grams.  Defendant did not object.

Moreover, the assistant State's Attorney is the sworn officer of the court and, "'"when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath."'"  Holloway v. Arkansas, 435 U.S. 475, 486, 55 L. Ed. 2d 426, 435, 98 S. Ct. 1173, 1179 (1978), quoting State v. Brazile, 226 La. 254, 266, 75 So. 2d 856, 860-61 (1954).  Further, an assistant State's Attorney is "law enforcement personnel" upon whom the court relies for substantial information and who has taken an oath of office to "support the constitution of the United States and the constitution of the state of Illinois" and to "faithfully discharge the duties of the office of attorney and counselor at law to the best of [his] ability."  705 ILCS 205/4 (West 2006).

More important, no plain error occurred here.  The trial court is not limited to imposing only the street-value fine but must impose no less than the full street-value fine.  Any amount in excess would be reviewed on appeal for an abuse of discretion, clearly, not plain-error review.  Additionally, the statute specifically states street value shall be determined by "such testimony as may be required by the court."  730 ILCS 5/5-9-1.1(a) (West 2006).  Certainly, this issue is a discretionary one for the court and not plain error, especially here, where had defendant raised this issue in the trial court, the trial court

could have addressed defendant's objection.

> "In <u>People v. Allen</u>, 222 Ill. 2d 340, 353,
> 856 N.E.2d 349, 356 (2006), the supreme court
> explained as follows: '[t]he plain-error
> doctrine is not "'a general saving clause
> preserving for review all errors affecting
> substantial rights whether or not they have
> been brought to the attention of the trial
> court.'" [Citations.]  Instead, it is a nar-
> row and limited exception to the general rule
> of forfeiture.'" <u>People v. Montgomery</u>, 373
> Ill. App. 3d at 1123, 872 N.E.2d at 419.

Finally, valuation evidence was presented here, both at trial and through the assistant State's Attorney at sentencing, and based upon the court's experience presiding over cases, $10 per one-tenth of a gram of cocaine was an acceptable valuation. The fact the officer testified cocaine is typically consumed in $20 rocks is not necessarily contradictory of that valuation. Presumably, the trial court saw the crack cocaine and decided to accept the assistant State's Attorney's valuation.

For these reasons, I disagree with the majority and would affirm the trial court.