THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SEAN KERNS, Defendant-Appellant.

Fourth District   No. 4—91—0570

Opinion filed June 11, 1992.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Tony Lee, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

After a jury trial in the circuit court of Ford County, defendant, Sean Kerns, was found guilty of aggravated criminal sexual assault, a nonprobationable Class X felony (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(b)(2)(ii), (d)), for placing his penis in the anus of nine-year-old B.P. Defendant was sentenced to six years' imprisonment. Defendant appeals. We reverse and remand.

At the jury trial which commenced on June 24, 1991, B.P., who was nine in 1990, testified that on three consecutive Mondays during the summer of 1990, defendant wrestled with B.P., pulled down B.P.'s pants, and placed his "whatchamacallit" (penis) in B.P.'s "butt" (anus). B.P. testified that defendant threatened to get a knife and kill him if he told anyone.

A.T. (B.P.'s 12-year-old aunt) testified that during the summer of 1990, B.P. told her that defendant had placed his "thing" (penis) in B.P.'s "butt." B.P.'s mother and A.T. testified that on January 10, 1991, B.P. told them that defendant had placed his "whatchamacallit" in B.P.'s "butt" on three consecutive Mondays, and that defendant had threatened to kill him if he told anyone. Police officer Larry Hale testified that in January 1991, B.P. told him that on three consecutive Mondays in the summer of 1990, defendant placed his "whatchamacallit" in B.P.'s "butt," and then threatened to kill him if he told anyone. Defendant testified that he wrestled with B.P., but that he never placed his penis in B.P.'s anus.

Over objection, the trial court allowed the State to cross-examine defendant about his February 13, 1991, juvenile delinquency adjudication for burglary and theft.

Defendant argues (1) the trial court erred by allowing the State to cross-examine him about his prior juvenile adjudication of delinquency for burglary and theft; and (2) B.P.'s out-of-court statements concerning sexual contact should not have been admitted into evidence because the time, content, and circumstances of the statements did not provide sufficient safeguards of reliability.

I

Section 1—10(1)(c) of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 801—10(1)(c)) provides:

"(1) Evidence and adjudications in proceedings under this Act shall be admissible:

\* \* \*

(c) in proceedings under this Act or in criminal proceedings in which anyone who has been adjudicated delinquent under Section 5—3 is to be a witness, and then only for purposes of impeachment and pursuant to the rules of evidence for criminal trials[.]''

In order to properly interpret section 1—10(1)(c), it is necessary to consider Federal Rule of Evidence 609 (Fed. R. Evid. 609), which has been adopted by the Illinois Supreme Court. *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168.

Federal Rule of Evidence 609(d), as adopted in *Montgomery*, stated:

" '(d) Juvenile Adjudications. Evidence of juvenile adjudications is generally not admissible under this rule. The judge may, however, allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the judge is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.' '' *Montgomery*, 47 Ill. 2d at 517, 268 N.E.2d at 699, quoting 51 F.R.D. 391 (setting forth Rule 609).

Rule 609(d) gives the court discretion to admit evidence of juvenile adjudications to impeach a witness; however, there is no such discretion when the witness is the accused in a criminal case. When the witness is the accused, as is the defendant in this case, then Rule 609(d) prohibits the admission of juvenile adjudications for impeachment. M. Graham, Cleary & Graham's Handbook of Illinois Evidence §609.9, at 391 (5th ed. 1990).

In *People v. McClendon* (1986), 146 Ill. App. 3d 1004, 1011, 497 N.E.2d 849, 853, this court found section 2—10 of the Juvenile Court Act (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 702—10) had supplanted Rule 609(d), and that a prior adjudication as a delinquent for armed robbery was freely admissible for purposes of impeachment without first performing the balancing test required in Rule 609. However, this court stated in *McClendon*:

"The case at bar concerns only the impeachment of a witness, not the defendant himself. We offer no opinion as to the applicability of section 2—10 [(Ill. Rev. Stat., 1982 Supp., ch. 37, par. 702—10 (now see Ill. Rev. Stat. 1989, ch. 37, par. 801—

10))], or any possible interplay with Rule 609(d), in the case of a defendant as a witness in his own behalf." (*McClendon*, 146 Ill. App. 3d at 1012, 497 N.E.2d at 854.)

The issue reserved in *McClendon* is now before us. We follow the authority established by the supreme court in *Montgomery* and *Ray*, by adopting the Rule 609(d) prohibition on impeachment of a criminal defendant with a prior juvenile adjudication.

■ The language of section 1—10 of the Act (see Ill. Rev. Stat. 1989, ch. 37, par. 801—10) is identical to the predecessor statute (see Ill. Rev. Stat. 1985, ch. 37, par. 702—10). The Second District Appellate Court in *People v. Massie* (1985), 137 Ill. App. 3d 723, 730, 484 N.E.2d 1213, 1218, interpreted the phrase " 'is to be a witness' " (Ill. Rev. Stat. 1983, ch. 37, par. 702—10(c)) to exclude a defendant. The court also found, based on the phrase " 'pursuant to the rules of evidence in criminal trials,' " that to allow impeachment of a defendant with a juvenile adjudication would be contrary to the rule of *Montgomery* and Federal Rule of Evidence 609(d). (*Massie*, 137 Ill. App. 3d at 731, 484 N.E.2d at 1218, quoting Ill. Rev. Stat. 1983, ch. 37, par. 702—10(c).) The court then found error in the admission of juvenile adjudications to impeach the defendant. (*Massie*, 137 Ill. App. 3d at 731, 484 N.E.2d at 1219, cited with approval in *People v. Allen* (1986), 151 Ill. App. 3d 391, 394, 502 N.E.2d 1260, 1262, and *People v. Bunch* (1987), 159 Ill. App. 3d 494, 513, 512 N.E.2d 748, 761.) We agree with this interpretation.

■ The trial court erred in admitting juvenile adjudications to impeach defendant's testimony in this case. The prejudicial effect of a prior conviction is unmistakable. (*Montgomery*, 47 Ill. 2d at 514, 268 N.E.2d at 697.) Accordingly, we reverse and remand for a new trial.

Now that we have rejected the argument that defendants can be impeached with juvenile adjudications, it makes little sense to continue to hold that section 1—10(1)(c) of the Act has supplanted Rule 609(d). "No reason exists why a juvenile adjudication offered to impeach credibility as a prior conviction should be automatically admissible while an adult conviction for the same offense requires discretionary balancing." (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §609.9, at 392 (5th ed. 1990).) In light of our decision today we choose no longer to follow *McClendon*, and choose instead to follow *Massie* and *Bunch*. The admissibility of juvenile adjudications is governed by Federal Rule 609(d), as adopted in *Montgomery*, and not by section 1—10(1)(c) of the Act.

## II

Defendant also contends that he was deprived of a fair trial when the trial court allowed B.P.'s mother, as well as A.T. (his 12-year-old aunt) and Officer Larry Hale, to testify to reports of sexual offenses made by the victim, B.P. We address this issue because the State will likely seek to adduce this same evidence at retrial. Section 115—10 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 115—10(b)(1)) provides that a child victim's reports of sexual offenses may be admitted when the court, following a hearing outside the presence of the jury, finds that sufficient safeguards of reliability are present. Under this provision, there are no precise or mechanical tests for evaluating trustworthiness or reliability. Instead, the totality of the circumstances surrounding the victim's statements are to be considered. (*People v. Deavers* (1991), 220 Ill. App. 3d 1057, 1069, 580 N.E.2d 1367, 1375; *People v. Coleman* (1990), 205 Ill. App. 3d 567, 581, 563 N.E.2d 1010, 1019.) The trial court's determination of the admissibility of the evidence based on its balancing of the circumstances surrounding the reports cannot be disturbed on appeal unless it is contrary to the manifest weight of the evidence. *Deavers*, 220 Ill. App. 3d at 1069, 580 N.E.2d at 1375.

The United States Supreme Court in *Idaho v. Wright* (1990), 497 U.S. 805, 821, 111 L. Ed. 2d 638, 656, 110 S. Ct. 3139, 3150, indicated that the factors to be considered in determining reliability include spontaneity and consistent repetition, mental state of declarant, use of terminology unexpected of a child of similar age, and lack of motive to fabricate. The Court then further explained:

> "[T]he unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made." *Wright*, 497 U.S. at 822, 111 L. Ed. 2d at 656, 110 S. Ct. at 3150.

The circumstances surrounding the statements in this case demonstrate that they were reliable and trustworthy, as found by the trial court. B.P. had initially reported the offenses to his 12-year-old aunt, A.T., soon after they had occurred. Thereafter, B.P. had limited contact with defendant. Then six months after the offense, B.P. overheard a discussion of sexual abuse and reported defendant's sexual assaults to his mother and his aunt, A.T. He then repeated the same report to Officer Larry Hale. The reports were highly consistent, phrased in terms of language used by young children, and related information concerning sexual matters that B.P. would not be expected to know about had the incidents complained of not occurred. No evi-

dence was adduced which materially detracted from the reliability or trustworthiness of this evidence. Thus, the trial court did not abuse its discretion in admitting the statements.

The fact that there was a six-month delay between the offenses and the reports in question did not require their exclusion from evidence. (*People v. Hickox* (1990), 197 Ill. App. 3d 205, 214, 553 N.E.2d 1166, 1173; *People v. Kelly* (1989), 185 Ill. App. 3d 43, 49, 540 N.E.2d 1125, 1129; *People v. Bailey* (1988), 177 Ill. App. 3d 679, 683, 532 N.E.2d 587, 590.) This delay can be understood because of the child's natural sense of shame and embarrassment. (*Deavers*, 220 Ill. App. 3d at 1070, 580 N.E.2d at 1375; *People v. Wheeler* (1991), 216 Ill. App. 3d 609, 617, 575 N.E.2d 1326, 1333.) The delay is made even more understandable by the fact that, according to B.P., the defendant had threatened to kill him if he told anyone what had happened.

The trial court's decision to admit the testimony of witnesses as to the child victim's reports of sexual offenses was not contrary to the manifest weight of the evidence.

Reversed and remanded.

GREEN, P.J., and LUND, J., concur.