NO. 4-09-0511          Filed 11/1/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| JONAS D. BOND, | ) | No. 04CF1424 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Theodore E. Paine, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the opinion of the court:

In February 2005, a jury convicted defendant, Jonas D. Bond (born July 16, 1987), of possession of a controlled substance with intent to deliver (cocaine) (720 ILCS 570/401(c)(2) (West 2004)) (count I) and possession of a controlled substance (cocaine) (720 ILCS 570/402(c) (West 2004)) (count II). In April 2005, the trial court sentenced him to 10 years' imprisonment and imposed a $220 street-value fine.

Defendant appeals, arguing (1) he was denied effective assistance of counsel, (2) the evidence was insufficient to prove him guilty of possession with intent to deliver beyond a reasonable doubt, and (3) the trial court erred in imposing a $220 street-value fine. We affirm as modified and remand with directions.

I. BACKGROUND

Prior to the start of trial, defendant filed a motion

in limine to exclude the State's use of defendant's juvenile adjudications for impeachment purposes. Defendant sought to exclude the following adjudications: robbery, a Class 2 felony; possession of firearms, a Class 4 felony; and retail theft with a prior robbery conviction, a Class 4 felony. The trial court granted defendant's motion with respect to the firearm-possession adjudication, but denied it as to the other adjudications.

During defendant's February 2005 trial, Decatur police officer Thomas Pratt testified he arrested defendant on November 22, 2004, after defendant ran from a vehicle Pratt had pulled over. Defendant testified he ran because he was scared. During a search of defendant, Pratt found a piece of white paper containing five small white rock-like items wrapped in a clear plastic bag. The bag contained 1.3 grams of cocaine. According to defendant's testimony, at the time of his arrest, he did not know it was crack or cocaine but he did know it was some kind of drug. Defendant explained that when he got into the vehicle, the driver asked him to hold the drugs as a favor for him because the driver was on parole. Defendant testified he had no intention of selling the drugs and was simply holding them for the driver until defendant got home. Defendant testified he was just around the corner from his home when police stopped the vehicle.

While defendant's trial counsel questioned him regarding various facts during direct examination, defendant's

- 2 -

counsel did not ask him if he had any prior delinquency adjudications.  The State also did not raise the question of defendant's juvenile adjudications during its cross-examination. Following the State's cross-examination, the trial court asked defense counsel if he had any "redirect," whereupon counsel requested leave to "open up [his] direct examination."  The State showed no objection and the court granted counsel's request. During the reopened direct examination, the following colloquy took place:

"[MR. ELLISON (defendant's attorney):] [Y]ou got in trouble as a juvenile in your past, is that correct?

[DEFENDANT:] Yes.

[MR. ELLISON:] And you had--you were put on eighteen months['] probation for a robbery in March of [20]03, is that correct?

[DEFENDANT:] Yes, sir, it is.

[MR. ELLISON:] And then in January of [20]04, as a juvenile you got three more years['] probation for retail theft, is that correct?

[DEFENDANT:] Yes.

[MR. ELLISON:] And those both happened in juvenile case [No.] 02-JD-275, is that

correct?

[DEFENDANT:] Yes.

[MR. ELLISON:] No other questions."

In February 2005, a jury convicted defendant of possession of a controlled substance with intent to deliver (count I) and possession of a controlled substance (count II).

In April 2005, the trial court sentenced defendant to 10 years' imprisonment on count I and imposed a $220 street-value fine. Defendant did not appeal his conviction or sentence.

However, in July 2008, defendant filed a pro se petition for postconviction relief, arguing his trial counsel provided ineffective assistance of counsel by failing to timely file an appeal despite defendant's request.

On April 8, 2009, the trial court granted defendant's petition and allowed him to file a late notice of appeal.

On April 14, 2009, defendant filed a notice of appeal. On April 27, 2009, defendant filed an amended notice of appeal.

On April 28, 2009, defendant filed a pro se motion to reduce sentence.

On May 5, 2009, the trial court struck both notices of appeal and set the motion to reconsider sentence for hearing.

Following a July 10, 2009, hearing, the trial court denied defendant's motion to reconsider sentence, appointed the appellate defender to represent defendant, and directed the clerk

of the court to file a notice of appeal on defendant's behalf, which the clerk did on July 10, 2009.

This appeal followed.

## II. ANALYSIS

### A. Jurisdiction

While the parties do not address this court's jurisdiction, we have an independent duty to ascertain our jurisdiction before considering the merits of an appeal. See People v. Haldorson, 395 Ill. App. 3d 980, 981, 918 N.E.2d 1280, 1281 (2009).

In July 2008, defendant filed a petition for postconviction relief, arguing ineffective assistance of counsel where his trial counsel failed to file an appeal. Defendant contended his counsel would have argued (1) defendant's juvenile adjudications should not have been admitted because they were prejudicial and (2) juvenile convictions are not usually admissible against a criminal defendant.

The docket entry shows arguments were had on defendant's petition on April 9, 2009, after which the trial court took the matter under advisement. However, no transcript of that hearing appears in the record.

According to an April 9, 2009, docket entry, the trial court made the following findings:

"1) The case the [c]ourt referred to at

the conclusion of oral arguments on the [a]mended [p]ost[c]onviction [p]etition in this case is People v. Ross, 229 Ill. 2d 255[, 891 N.E.2d 865 (2008)].

2) Based upon that case, the [c]ourt concludes that the appropriate remedy available to the [c]ourt in this case is to allow [p]etitioner leave to file a late notice of appeal without analysis of likelihood of success on appeal."

In Ross, the defendant's trial counsel did not file an appeal. Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868. The defendant filed a pro se petition for postconviction relief two years later, arguing his trial counsel was ineffective for failing to file a timely notice of appeal and that the item involved in his conviction was not a dangerous weapon. Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868. The trial court found defense counsel was ineffective for failing to file a notice of appeal. Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868. The court reasoned the proper remedy was to allow the defendant to file a late notice of appeal. Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868.

In the defendant's direct appeal, he argued the State had failed to prove the pellet gun at issue was a dangerous weapon. Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868. The State

- 6 -

argued the appellate court did not have jurisdiction because the notice of appeal was untimely under Supreme Court Rule 606 (210 Ill. 2d R. 606). Ross, 229 Ill. 2d at 259, 891 N.E.2d at 868. The appellate court allowed the appeal, finding the trial court's grant of leave to file a notice of appeal was a proper remedy under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2004)). Ross, 229 Ill. 2d at 259-60, 891 N.E.2d at 869.

The supreme court considered the issue of what relief a postconviction court may order to remedy defense counsel's failure to file a notice of appeal. The court concluded "that when a postconviction petitioner demonstrates that defense counsel was ineffective for failing to file a notice of appeal, the trial court may allow the petitioner leave to file a late notice of appeal." (Emphasis added.) Ross, 229 Ill. 2d at 271, 891 N.E.2d at 876. The court reasoned section 122-6 of the Post-Conviction Hearing Act (725 ILCS 5/122-6 (West 2004)) "is flexible enough to include leave to file a late notice of appeal among the remedies available to a trial court in a postconviction proceeding." Ross, 229 Ill. 2d at 271, 891 N.E.2d at 875-76.

In this case, defendant's trial counsel did not appeal defendant's conviction or sentence. Defendant filed a pro se petition for postconviction relief, arguing his trial counsel provided ineffective assistance of counsel by failing to timely

- 7 -

file an appeal despite defendant's request.  Like the petitioner in <u>Ross</u>, defendant successfully demonstrated to the trial court his trial counsel was ineffective for failing to file a notice of appeal.  Like the trial court in <u>Ross</u>, the court here allowed defendant leave to file a late notice of appeal.  Following the supreme court's reasoning in <u>Ross</u>, we find we have jurisdiction to hear defendant's appeal.

Turning to the merits, defendant argues his trial counsel was ineffective for eliciting inadmissible impeachment testimony from him regarding his two prior juvenile adjudications.  Specifically, defendant contends although the State did not introduce the evidence when it cross-examined him, his trial counsel "inexplicably introduced the juvenile adjudications for robbery and retail theft."  Defendant maintains the introduction of this inadmissible evidence prejudiced him.

We initially note defendant's counsel does not challenge the correctness of the trial court's ruling on defendant's motion <u>in</u> <u>limine</u> allowing the introduction of the juvenile adjudications.  Instead, defendant argues his trial counsel was ineffective for introducing the adjudications during trial because they were inadmissible.  The State argues the court's ruling allowing the impeachment of the accused with a juvenile adjudication was correct and therefore counsel was not ineffective.

- 8 -

Defendant argues the State failed to cross-examine him about his juvenile adjudications and it was inexplicable for defense counsel to reopen his direct examination for the purpose of disclosing these adjudications. However, it would have been improper for the State to cross-examine defendant with respect to his prior adjudications. If it was proper to introduce such evidence, the State was limited to introducing certified copies of the adjudications in its rebuttal case. See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §609.6, at 456-57 (9th ed. 2009) (when the witness is the accused, convictions are provable only by public record on rebuttal and may not be brought out on cross-examination).

Thus one issue is whether, within the confines of the trial court's ruling denying defendant's motion in limine, defense counsel's performance was deficient for introducing the adjudications before the State could introduce certified copies of them in rebuttal.

### B. Ineffective-Assistance Claim

To establish defendant's trial counsel provided ineffective assistance, defendant must show (1) his counsel's performance was inadequate "in that it fell below an objective standard of reasonableness" and (2) there is a reasonable probability the outcome of the trial would have been different absent his counsel's deficient performance. People v. Moore, 189

Ill. 2d 521, 535, 727 N.E.2d 348, 355-56 (2000), citing Strickland v. Washington, 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984).

The State argues that by introducing evidence of defendant's prior adjudications on direct examination, defense counsel was able to avoid the adverse impact that would have arisen had the prosecutor introduced certified copies of the adjudications. We agree with the State.

In this case, once the trial court denied defendant's motion, defense counsel essentially did the best he could to represent defendant within the confines of the trial court's ruling. As a matter of trial strategy and given the court's ruling on the motion in limine, counsel likely introduced the adjudications in an attempt to reduce the impact of the State's introduction of certified copies of the adjudications, which the State indicated it intended to do.

With respect to whether counsel was ineffective for trying to soften the blow by preempting the State with respect to disclosure of defendant's adjudications, we find guidance in the supreme court's decision in People v. Spates, 77 Ill. 2d 193, 395 N.E.2d 563 (1979). There, the court stated the following:

"[A] party waives the right to raise as error
action taken by the court at the instance of
that party; it is quite another matter when,

- 10 -

after an exclusionary motion is denied, the party himself raises a matter so as to lessen its impact, when the party knows that if he does not raise it, the opponent will. *** In the second instance the aim is consistent: once the motion to exclude the matter is denied, the party must try to limit the effect the matter will have on the trier of fact. He has not waived the issue by raising it; he has merely tried to ensure that it does the least damage to his witness' credibility." (Emphasis added.) Spates, 77 Ill. 2d at 199-200, 395 N.E.2d at 566.

Given the trial court's ruling on defendant's motion in limine, we cannot say it was unreasonable for defendant's trial counsel to introduce defendant's prior adjudications to reduce their prejudicial effect on defendant's credibility prior to the State's introduction of certified copies of those adjudications in rebuttal. See People v. DeHoyos, 64 Ill. 2d 128, 131, 355 N.E.2d 19, 21 (1976) (the defendant need not allow information damaging to his credibility to be first established by the State).

### C. Motion In Limine

An underlying issue in this case, however, is whether

- 11 -

the trial court erred in denying defendant's motion in limine. We recognize the supreme court's recent decision in People v. Givens, 237 Ill. 2d 311, 325, ___ N.E.2d ___(2010) (finding the appellate court should not have raised and addressed an issue not raised and addressed by the parties where the issue was not an obvious error). However, this case is distinguishable from Givens in that the parties in this case have briefed but not appropriately framed the issue. Defendant has framed the issue in terms of trial counsel's ineffective assistance but argues defendant's adjudications were inadmissible under the rules of evidence. The State has briefed the issue of the correctness of the trial court's ruling on the motion in limine. We note both parties appear to be treating this appeal as a postconviction proceeding, rather than as a direct appeal, which it is.

This court has recently considered this issue in People v. Coleman, 399 Ill. App. 3d 1150, 1156, 927 N.E.2d 304, 308-09 (2010) (Fourth District), and found a defendant's juvenile adjudications are not normally admissible when the defendant testifies. Like the defendant in Coleman, defendant in this case cites People v. Kerns, 229 Ill. App. 3d 938, 941, 595 N.E.2d 207, 208-09 (1992), and argues Federal Rule of Evidence 609(d) (Fed. R. Evid. 609(d)), adopted by our supreme court pursuant to People v. Montgomery, 47 Ill. 2d 510, 517, 268 N.E.2d 695, 699 (1971), prohibits the admission of juvenile adjudications for impeachment

when the witness is the accused.  The State argues a testifying defendant may be impeached with his juvenile record where the trial court adheres to the same rules governing the use of adult convictions for impeachment purposes pursuant to section 5-150(1)(c) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-150(1)(c) (West 2004)).

Federal Rule of Evidence 609(d), as adopted in Montgomery in 1971, provided the following:

" 'Evidence of juvenile adjudications is generally not admissible under this rule. The judge may, however, allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the judge is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.' "  (Emphasis added.)  Montgomery, 47 Ill. 2d at 517, 268 N.E.2d at 699, quoting 51 F.R.D. 391 (1971) (setting forth Rule 609).

In Kerns, 229 Ill. App. 3d at 941, 595 N.E.2d at 208-09, this court held the admissibility of a juvenile adjudication is governed by Rule 609(d) as adopted in Montgomery.  At the time

Kerns was decided, the predecessor to section 5-150(1)(c) of the Act purported to allow the admission of adjudications of witnesses and did not specifically include defendants.  See Kerns, 229 Ill. App. 3d at 940, 595 N.E.2d at 208 (there is no discretion to admit evidence of juvenile adjudications when the witness is the accused).  The version of section 5-150(1)(c) of the Act then in effect (Ill. Rev. Stat. 1989, ch. 37, par. 801-10(1)(c)) provided:

> "'(1) Evidence and adjudications in
> proceedings under this Act shall be
> admissible:
>
> * * *
>
> (c) in proceedings under this Act or in
> criminal proceedings in which anyone who has
> been adjudicated delinquent under [s]ection
> 5-3 is to be a witness, and then only for
> purposes of impeachment and pursuant to the
> rules of evidence for criminal trials[.]'"
> (Emphases added.)  Kerns, 229 Ill. App. 3d at
> 940, 595 N.E.2d at 208.

The version of section 5-150(1)(c) of the Act in effect at the time of defendant's trial provides:

> "(1) Evidence and adjudications in
> proceedings under this Act shall be

admissible:

* * *

(c) in proceedings under this Act or in criminal proceedings in which anyone who has been adjudicated delinquent under [s]ection 5-105 is to be a witness including the minor or defendant if he or she testifies, and then only for purposes of impeachment and pursuant to the rules of evidence for criminal trials[.]"  (Emphases added.)  705 ILCS 405/5-150(1)(c) (West 2004).

While the most recent version of the statute purports to allow impeachment of the accused with juvenile adjudications, under either version of the Act, a juvenile adjudication may only be used "pursuant to the rules of evidence for criminal trials." (Emphasis added.)  Ill. Rev. Stat. 1989, ch. 37, par. 801-10(1)(c); 705 ILCS 405/5-150(1)(c) (West 2004).

Under article II, section 1, of the Illinois Constitution, the legislative, executive, and judicial branches of government are separate and "[n]o branch shall exercise powers properly belonging to another."  Ill. Const. 1970, art. II, §1. "If a power is considered to be judicial in character, the legislature is prohibited from exercising it."  People v. Williams, 143 Ill. 2d 477, 482, 577 N.E.2d 762, 764 (1991).  The

- 15 -

supreme court has "sought to reconcile most conflicts between rules of the judiciary and legislative enactments." <u>Williams</u>, 143 Ill. 2d at 483, 577 N.E.2d at 764. However, a judicial rule will prevail over a statute that directly and irreconcilably conflicts with that rule on a matter within the court's authority. <u>People v. Walker</u>, 119 Ill. 2d 465, 475, 519 N.E.2d 890, 893 (1988).

In <u>Kerns</u>, this court disavowed <u>People v. McClendon</u>, 146 Ill. App. 3d 1004, 1011, 497 N.E.2d 849, 853 (1986), a prior Fourth District decision, which had held a previous version of section 5-150(1)(c) supplanted Rule 609(d). In <u>Kerns</u>, we found the statute did <u>not</u> override Rule 609(d) as adopted by our supreme court in <u>Montgomery</u>. <u>Kerns</u>, 229 Ill. App. 3d at 940-41, 595 N.E.2d at 208-09. More recently we have stated "the statute and the rule, as adopted by our supreme court in <u>Montgomery</u>, can be reconciled when the statutory language 'pursuant to the rules of evidence for criminal trials' is considered." <u>Coleman</u>, 399 Ill. App. 3d at 1155, 927 N.E.2d at 308. Thus, "the legislature has said a defendant who chooses to testify may be impeached with a juvenile adjudication but has conditioned the use of such impeachment on the rules of evidence for criminal trials." <u>Coleman</u>, 399 Ill. App. 3d at 1155, 927 N.E.2d at 308. Accordingly, the statute does not override the rules of evidence for criminal trials. Instead, the statute is limited by the

- 16 -

rules of evidence. By interpreting the statute in this manner, we are able to avoid a separation-of-powers issue.

As stated, Rule 609 was adopted by the supreme court as a rule of evidence for use by the trial courts. Montgomery, 47 Ill. 2d at 519, 268 N.E.2d at 700. "Rule 609 does not permit impeachment of a defendant with a juvenile adjudication." Coleman, 399 Ill. App. 3d at 1156, 927 N.E.2d at 308. As a result, criminal defendants who choose to testify ordinarily may not be impeached by their prior juvenile adjudications. Coleman, 399 Ill. App. 3d at 1156, 927 N.E.2d at 308-09; Kerns, 229 Ill. App. 3d at 941, 595 N.E.2d at 208-09; but see People v. Harris, 231 Ill. 2d 582, 591, 901 N.E.2d 367, 372 (2008) (allowing impeachment on cross-examination where the defendant's testimony concerning his prior criminal history was misleading). Our analysis is supported by the recently adopted Illinois evidence rules on the use of criminal convictions to impeach witnesses. Rule 609(d) provides the following:

> "(d) Juvenile Adjudications. Evidence
> of juvenile adjudications is generally not
> admissible under this rule. The court may,
> however, allow evidence of a juvenile
> adjudication of a witness other than the
> accused if conviction of the offense would be
> admissible to attack the credibility of an

adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence."  (Emphasis added.)  Ill. R. Evid. 609(d), adopted September 27, 2010, eff. January 1, 2011.

Thus, the newly adopted rules of evidence include the long-standing rule announced by the supreme court in Montgomery and applied by our trial courts for decades.  The committee comments to Rule 609(d) note Rule 609(d) is not intended to resolve any issue concerning the effect of section 5-150(1)(c) of the Act.  See Ill. R. Evid. 609(d), adopted September 27, 2010, eff. January 1, 2011, Committee Comments, at 22.  In other words, the courts must determine the impact of any conflict between section 5-150(1)(c) and Rule 609(d).  Further, the initial committee commentary to the rules states "the Illinois Rules of Evidence are not intended to abrogate or supercede any current statutory rules of evidence."  Ill. R. Evid., adopted September 27, 2010, eff. January 1, 2011, Committee Commentary, at 1. However, the committee comments to Rule 101 state the following:

"[A] statutory rule of evidence is effective unless in conflict with an Illinois Supreme Court rule or decision.  There is no current statutory rule of evidence that is in

- 18 -

conflict with a rule contained in the Illinois Rules of Evidence, with the possible exception of [section 5-150(1)(c) of the Act]." (Emphasis added.) Ill. R. Evid. 101, adopted September 27, 2010, eff. January 1, 2011, Committee Comments, at 10.

Where a statute conflicts with a rule of evidence or supreme court decision adopting a rule of evidence, courts are to follow the rule or decision. See Ill. R. Evid. 101, adopted September 27, 2010, eff. January 1, 2011, Committee Comments, at 10.

In sum, our supreme court adopted Rule 609 in Montgomery. Rule 609(d) gives the court discretion to admit evidence of juvenile adjudications to impeach a witness, but there is no such discretion when the witness is the accused in a criminal case. Kerns, 229 Ill. App. 3d at 940, 595 N.E.2d at 208; Coleman, 399 Ill. App. 3d at 1154-55, 927 N.E.2d at 308.

We note the Second District Appellate Court's recent decision in People v. Villa, No. 2-08-0918, slip op. at 11 (June 30, 2010), ___ Ill. App. 3d ___, ___, 932 N.E.2d 90, 96-97, appeal allowed, No. 110777 (September 29, 2010), 237 Ill. 2d ___, ___ N.E.2d ___, ___, finds section 5-150(1)(c) of the Act permits the introduction of a defendant's juvenile adjudications for impeachment purposes, despite the contrary language in Montgomery. The court in Villa opined that our reconciliation of

- 19 -

section 5-150(1)(c) and Montgomery in Coleman was in error. Villa, slip op. at 10, ___ Ill. App. 3d at ___, 932 N.E.2d at 97. Instead, the Second District interpreted section 5-150(1)(c) to have supplanted the rule of evidence the supreme court adopted in Montgomery. Villa, slip op. at 12, ___ Ill. App. 3d at ___, 932 N.E.2d at 97. We disagree with the Second District's interpretation and the analysis upon which it is based.

In our opinion, the analysis in Villa is erroneously predicated upon the power of the legislature to modify the Montgomery rule. The Second District reasoned "the legislature acts within its power when its amends a statute to alter a rule of evidence announced in a judicial decision." Villa, slip op. at 12, ___ Ill. App. 3d at ___, 932 N.E.2d at 98. While we agree the legislature is free to adopt rules of evidence, where our supreme court has adopted a contrary rule, the court's rule is to be followed. See People v. Joseph, 113 Ill. 2d 36, 45, 495 N.E.2d 501, 506 (1986) (stating "if a statute conflicts with a rule of this court adopted pursuant to constitutional authority, the rule will prevail"); see also Ill. R. Evid. 101, adopted September 27, 2010, eff. January 1, 2011 ("[a] statutory rule of evidence is effective unless in conflict with a rule or a decision of the Illinois Supreme Court").

In Montgomery, our supreme court adopted proposed Federal Rule of Evidence 609 and took the further step of telling

- 20 -

trial courts to follow this rule. Montgomery, 47 Ill. 2d at 519, 268 N.E.2d at 700. The Second District reasoned that a rule has to be promulgated and adopted formally to have constitutional effect. Villa, slip op. at 11, ___ Ill. App. 3d at ___, 932 N.E.2d at 98. However, our supreme court is vested with supervisory authority over the entire court system. Joseph, 113 Ill. 2d at 47, 495 N.E.2d at 507, citing Ill. Const. 1970, art. VI, §16 ("administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised *** in accordance with its rules"). Where our supreme court has specifically directed the trial courts to follow a particular rule, the legislature is not free to direct the trial courts otherwise.

The Second District further stated in Villa "the legislature acts within its power when it amends a statute to alter a rule of evidence announced in a judicial decision." Villa, slip op. at 12, ___ Ill. App. 3d at ___, 932 N.E.2d at 98. We disagree. Supreme Court Rule 3(a)(2), allows the supreme court to depart from its ordinary rule-making procedures and adopt a rule by order of the court. Official Reports Advance Sheet No. 7 (April 7, 2010) R. 3(a)(2), eff. March 22, 2010. ("[t]he [s]upreme [c]ourt reserves the prerogative of departing from the procedures of this rule. An order of the [s]upreme [c]ourt adopting any rule or amendment shall constitute an order

- 21 -

modifying these [rule-making] procedures"). We note Rule 3(a)(2) was originally adopted in 1994 as Rule 3(b). See 166 Ill. 2d R. 3(b). The version of section 5-150(1)(c) in effect at the time of defendant's trial became effective in 1999. See 705 ILCS 405/5-150(1)(c) (West 2000).

In addition, our decision in Coleman relied upon Kerns, which adopted the reasoning of People v. Massie, 137 Ill. App. 3d 723, 731, 484 N.E.2d 1213, 1218 (1985) (Second District finding error in the admission of juvenile adjudications to impeach the defendant and reasoning "an interpretation of the statute to allow a prior adjudication of delinquency to be used for impeachment against a defendant who takes the stand in a criminal proceeding would be contrary to the decision in Montgomery which adopted the proposed Federal Rule 609"). However, the court in Villa does not mention or distinguish our decision in Kerns and we see no reason to abandon it.

The Second District, while viewing our interpretation or "reconciliation" as rendering the legislation meaningless, interprets the phrase "pursuant to the rules of criminal evidence" as merely incorporating the balancing test of Montgomery (prejudice versus probative value). Villa, slip op. at 10, ___ Ill. App. 3d at ___, 932 N.E.2d at 97. However, the Second District itself in Massie stated as follows:

"[S]ection 2-10 [of the Act (Ill. Rev. Stat.

1983, ch. 37, par. 702-10)] provides that the use of such a prior adjudication is 'pursuant to the rules of evidence for criminal trials.' The <u>Montgomery</u> decision, in <u>adopting</u> proposed Federal Rule 609 in its entirety, established the rule of evidence for use of prior convictions and juvenile adjudications. Accordingly, pursuant to this authority, the admission into evidence of the accused's prior adjudications of delinquency in proceedings under the [Act] was error." (Emphasis added.) <u>Massie</u>, 137 Ill. App. 3d at 731, 484 N.E.2d at 1218-19.

Thus, in <u>Massie</u>, the Second District had previously interpreted the language "pursuant to the rules of evidence for criminal trials" in the very same manner we interpreted this language in <u>Coleman</u> and in the case before us today.

Lastly, we note the Second District in <u>Villa</u> states the statute governing impeachment was viewed as subordinate to <u>Montgomery</u> only in the sense that the adjudication would have to satisfy the <u>Montgomery</u> factors before it could be used against the testifying witness. <u>Villa</u>, slip op. at 9, ___ Ill. App. 3d at ___, 932 N.E.2d at 97. The Second District cites <u>People v. Newborn</u>, 379 Ill. App. 3d 240, 248, 883 N.E.2d 603, 609 (2008),

as authority for this proposition. <u>Villa</u>, slip op. at 9-10, ___ Ill. App. 3d at ___, 932 N.E.2d at 97. <u>Newborn</u>, however, did not raise, discuss, or consider the limiting language of section 5-150(1)(c), <u>i.e.</u>, "pursuant to the rules of evidence for criminal trials." Instead, <u>Newborn</u> focused its analysis on the factors trial courts should consider in determining whether proposed impeachment evidence of a witness (not the accused) should be admitted. See <u>Newborn</u>, 379 Ill. App. 3d at 248, 883 N.E.2d at 609. Thus, we are left unpersuaded by the Second District's analysis in this regard.

In this case, defendant took the stand and testified. At no point did defendant offer any misleading testimony regarding his prior criminal history. Thus, Rule 609, adopted as a rule of evidence in <u>Montgomery</u>, prohibited his impeachment with his juvenile adjudications. Additionally, section 5-150(1)(c) restricts impeachment of a defendant with a juvenile adjudication by requiring it be done only pursuant to the rules of evidence for criminal trials. As just stated, the rules of evidence for criminal trials as expressed in <u>Montgomery</u> prohibited defendant's impeachment with juvenile adjudications. Accordingly, the trial court should have excluded defendant's adjudications pursuant to defendant's motion <u>in</u> <u>limine</u>.

D. Prejudicial Effect of Error

The trial court erred in the denial of defendant's

motion in limine. The court should have allowed the motion so long as defendant did not offer misleading testimony regarding his criminal history. However, considering the sufficiency of the evidence in this case, we find the court's error harmless.

Defendant testified and admitted he possessed the cocaine. Thus, the only issue was his intent to deliver the drugs. Direct evidence of the intent to deliver a controlled substance is rare and the intent must usually be proved by circumstantial evidence. People v. Robinson, 167 Ill. 2d 397, 408, 657 N.E.2d 1020, 1026 (1995). However, in this case, defendant testified the drugs were not for his personal use. In fact, defendant admitted when he got into the vehicle, the driver asked him to hold the drugs as a favor for him because the driver was on parole. Defendant testified he had no intention of selling the drugs or using them and admitted he was just holding them for the driver until defendant got home. In other words, defendant admitted he possessed the drugs with the intent to deliver them back to the driver.

Based on this evidence, we find the trial court's error denying defendant's motion in limine harmless and did not contribute to defendant's conviction as the evidence against him was overwhelming. See People v. Garvin, 349 Ill. App. 3d 845, 851, 812 N.E.2d 773, 779 (2004) ("[a]n error is harmless where the reviewing court is satisfied beyond reasonable doubt that the

error did not contribute to the defendant's conviction").

### E. Street-Value Fine

Defendant argues the trial court committed plain error when it imposed a $220 street-value fine based on its belief the cocaine weighed 2.2 grams. Specifically, defendant contends the fine was erroneous where the evidence indicated defendant only possessed 1.3 grams of cocaine having a $130 street value.

The State concedes clear and obvious error occurred when the trial court based the street-value fine on the mistaken belief defendant had possessed 2.2 grams of cocaine. However, the State argues defendant waived this issue on appeal because he did not object to the fine at the sentencing hearing or in a motion to reconsider his sentence. We review this issue under the plain-error doctrine. See People v. Lewis, 234 Ill. 2d 32, 34, 912 N.E.2d 1220, 1222 (2009) ("imposition of [a] street-value fine without a sufficient evidentiary basis is reviewable as plain error").

Under the plain-error doctrine, this court reviews whether (1) the evidence is closely balanced or (2) the error is "so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." People v. Hall, 194 Ill. 2d 305, 335, 743 N.E.2d 521, 539 (2000). Here, defendant does not argue the evidence was closely balanced. Instead, defendant

- 26 -

contends the imposition of the fine affects the integrity of the judicial process.

Section 5-9-1.1(a) of the Unified Code of Corrections (Code) provides when a person has been found guilty of a drug-related offense, a trial court must impose, in addition to other penalties, a fine not less than the full street value of the controlled substance seized. 730 ILCS 5/5-9-1.1(a) (West 2004). Street value is determined by the trial court "on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." 730 ILCS 5/5-9-1.1(a) (West 2004). "Although the amount of evidence necessary to adequately establish the street value of a given drug varies from case to case, the trial court must have a concrete, evidentiary basis for the fine imposed." People v. Reed, 376 Ill. App. 3d 121, 129, 875 N.E.2d 167, 175 (2007).

In this case, the street-value fine imposed was not supported by the evidence. The record shows the cocaine defendant possessed weighed 1.3 grams. During trial, Detective David Daily testified the street value of the cocaine on November 22, 2004, the day of the offense, was "[a]pproximately $130." However, during sentencing, the trial court imposed a $220 street-value fine and noted, "Yes. As I recall, the evidence indicated 2.2 grams." As a result, the court erroneously assessed defendant $90

- 27 -

more than the evidence showed was the value of the drugs seized. Although trial testimony established the specific value of the drugs as of the date of the offense, the fine the trial court fashioned bore no relation to that testimony. See People v. Galmore, 382 Ill. App. 3d 531, 536, 889 N.E.2d 238, 242-43 (2008) (holding a $10,000 fine was plain error where testimony indicated the seized drugs had a street value of $1,000 to $1,500). Accordingly, we vacate the $220 street-value fine and remand the cause for the imposition of a fine in the appropriate amount.

### III. CONCLUSION

For the reasons stated, we vacate the $220 street-value fine and remand with directions to impose a $130 street-value fine. We otherwise affirm the trial court's judgment. Because the State successfully defended a portion of the criminal judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal. See People v. Smith, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985), citing People v. Nicholls, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978).

Affirmed as modified; cause remanded with directions.

McCULLOUGH, J., concurs.

TURNER, J., specially concurs.

- 28 -

JUSTICE TURNER, specially concurring:

I agree with the majority the trial court's judgment should be affirmed as modified and remanded for the imposition of an appropriate fine. As the majority notes, the evidence against defendant was overwhelming. See slip op. at 23-24. However, because of the overwhelming evidence against defendant, I find unnecessary the majority's discussion on whether defendant's juvenile adjudications were admissible for impeachment purposes. Thus, I take no part in any of the majority's analysis on that issue.